```
               UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

BRIDGEPORT MUSIC, INC., et al., )
                                )
        Plaintiffs,              )
                                )
        v.                       )    NO. 3:01-1103
                                )    Judge Campbell/Brown
I WANT MY DADDY'S RECORDS,       )
                                )
        Defendants.              )

**TO: The Honorable Todd J. Campbell**

### REPORT AND RECOMMENDATION

**I. INTRODUCTION**

The plaintiffs in this case have filed a motion for judgment by default against the defendant, I Want My Daddy's Records (Docket Entry No. 87).

For the reasons stated below, the Magistrate Judge **recommends** that the plaintiffs, Bridgeport Music, Inc. and Westbound Records' motion for default judgment against the defendant, I Want My Daddy's Records (Docket Entry No. 87), be **granted** and the District Judge enter the order of default against the defendant, as set forth in the proposed order which is attached to this Report and Recommendation.

**II. BACKGROUND**

The plaintiffs in this cause of action originally filed suit against a number of defendants alleging various violations of the copyright law. <u>Bridgeport Music, Inc. v. 11C Music, et al.</u>, Case No. 3:01-0412. Service of process was obtained by certified

mail on the defendant, I Want My Daddy's Records in the original Case No. 3:01-0412 on July 23, 2001 (Docket Entry No. 432). The plaintiffs filed a motion for entry of default and default judgment, supported by a memorandum of law and affidavit of Tillie Smith (Docket Entry Nos. 39, 40 and 41).

On January 18, 2002, default was entered against I Want My Daddy's Records (Docket Entry No. 42).

Proceedings in this case were stayed on February 11, 2002 (Docket Entry No. 55) by Judge Higgins. The stay was lifted on January 27, 2006. Dispositive motions were referred to the undersigned for a Report and Recommendation and the case was set for trial on November 21, 2006 (Docket Entry No. 81).

The plaintiffs filed their motion for judgment by default (Docket Entry Nos. 87), supported by a memorandum of law (Docket Entry No. 88), an affidavit of Heidi White concerning service of process in the matter (Docket Entry No. 88, Exh. 1), and an affidavit of Jane Peterer, president of Jane Peterer's Music Corporation (Docket Entry No. 89), who has been Bridgeport's administrator for publishing for over 20 years.

It was also supported by an affidavit of Armen Boladian, the President of Westbound Records (Docket Entry No. 90).

The plaintiffs requests as relief (1) the defendants be found liable for copyright infringements; (2) the defendants be found liable for wilful infringement; (3) the defendants be required to submit an accounting; (4) the defendants be enjoined

2

from further violations; (5) the defendants be required to deliver for impoundment the infringing materials; (6) the defendants be required to pay the cost of this action, including reasonable attorneys' fees; (7) that they be awarded judgment interest from May 4, 2001 (Docket Entry No. 87).

In her affidavit (Docket Entry No. 84), Ms. Peterer concludes that the defendant had sampled the plaintiff's work as alleged, and as an expert in the area and administrator of the publishing business of Bridgeport Music, she also sets forth in general terms how the industry works and explained that, because the plaintiffs did not know the actual sales of the defendant's works which copied theirs, they were unable to determine actual damages and therefore requested statutory damages of $150,000.

Mr. Boladian (Docket Entry No. 90), as President of Westbound Records, states on his own knowledge that Westbound Records is the owner of the master sound recording "Ecstasy," which was sampled in "Take It There" and that no license was executed by I Want My Daddy's Records for use of the Westbound master sound recording of Ecstasy in the sound recording of the musical composition "Take It There," which appeared on the original sound track album "Bait" and in the motion picture of the same name. He alleges therefore that Westbound records is also entitled to $150,000.00 in statutory damages for one act of wilful infringement.

3

**III. LEGAL DISCUSSION**

Inasmuch as the defendant, I Want My Daddy's Records has failed to respond in any way to these proceedings, and in particular to the motion for default judgment, the Court may take the motion as unopposed under the Court's Local Rules.

Plaintiffs had previously requested a jury trial in this matter, however, they have now expressly waived any right to a jury trial (Docket Entry No. 92).[1]

From the pleadings, it appears clear that the defendant corporation is neither an infant, incompetent, or in the military service.

It further appears that the plaintiffs have been denied the right to learn actual profits that the defendant may have earned from the defendant's improper use of the plaintiffs' works. Accordingly, the plaintiffs' request for statutory damages in lieu of actual damages appears reasonable. In addition, under 17 U.S.C. § 503, they are entitled to have delivered up for impoundment the various infringing materials involving "Take It There" from plaintiffs' work "Ecstasy."

The Court's Order should, however, not be construed as to allow the impoundment of any property not in the possession of the defaulting defendant.

---

[1] The notice is only by Bridgeport. Unless the plaintiff Westbound advises the Court otherwise in 10 days, Westbound will also be deemed to have waived a jury. The plaintiff should be more careful with their notices in the future.

The plaintiffs have further claimed the right to the copyright of the infringing sound recording and the masters of the infringing sound recordings that the defendant had such rights. See memorandum filed in the case of Bridgeport Music, Inc. et al. v. Tommy Boy Music, et al., Case No. 3:01-1091 (Docket Entry No. 56). In view of the lack of opposition, the Magistrate Judge agrees with the plaintiffs' position in this matter, and accordingly believes that they are entitled to this relief as well. The plaintiffs are not, however, entitled to acquire any rights beyond that held by the defaulting defendant.

Additionally, any default judgment entered against this defendant should not effect payments made by any third parties to I Want My Daddy's Records prior to the effective date of a default judgment entered against I Want My Daddy's Records and actual notice to such third parties.

A proposed order of default judgment against I Want My Daddy's Records is attached to this Report and Recommendation.

**IV. RECOMMENDATION**

For the reasons stated above, the Magistrate Judge **recommends** that the plaintiffs, Bridgeport Music, Inc. and Westbound Records' motion for default judgment against the defendant, I Want My Daddy's Records (Docket Entry No. 87), be **granted** and the District Judge enter the order of default against the defendant, as set forth in the proposed order which is attached to this Report and Recommendation.

5

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court.  Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

**ENTERED** this 19th day of April, 2006.

<u>/s/ Joe B. Brown</u>
JOE B. BROWN
United States Magistrate Judge